UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YU HIN CHAN,

        Plaintiff,

v.

KAREN MAY BACDYAN, *et al.*,

        Defendants.

_____/

Case No. 1:25-cv-1136

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Yu Hin Chan of Brooklyn, New York. For the reasons set forth below, this complaint should be dismissed.

### I.     Complaint

*Pro se* plaintiff has filed a one-page complaint against defendants Karen May Bacdayan, Kevin C. McClanahan, Carmen A. Pacheco, Dawn Hill-Kearse, Wavny Toussaint, and Re/Max. Compl. (ECF No. 1). Plaintiff's complaint consists of three phrases:

1.  The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner claimed in his sworn affidavit,

2.  All defendants conspired together and deprived Plaintiff of due process,

3.  This Court has jurisdiction under the RICO Act.

*Id*. Plaintiff wants "$1 Billion against all Defendants." *Id*.

### II.    Discussion

#### A.    Lack of jurisdiction

As an initial matter, the Court should dismiss this complaint for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack

of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Plaintiff's complaint is attenuated, frivolous, and devoid of merit.  Plaintiff did not allege the date of the alleged incident or state any facts which suggest any liability on the part of any defendant.  *See Apple*, 183 F.3d at 479. Accordingly, it should be dismissed for lack of subject matter jurisdiction.

        **B.**     **Failure to state a claim**

In addition, the complaint should be dismissed because it does not state a claim against any defendant.  The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915.  *See* Order (ECF No. 4).  For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]"  In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts

2

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Here, plaintiff's cryptic complaint seeks relief under "RICO", presumably the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*.

> Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Put differently, a violation of this statute requires: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.I. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiff must allege each of these elements to state a claim. *Heinrich v. Waiting Angels Adoption Services, Inc.*, 668 F.3d 393, 404 (6th Cir. 2012).

*Kim v. City of Ionia*, No. 1:20-cv-843, 2021 WL 5053967 at *9 (W.D. Mich. Jan. 8, 2021). Here, plaintiff provides no information about the defendants or their alleged acts. Plaintiff simply refers to "the RICO Act" and demands $1,000,000,000.00. A complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: September 29, 2025            /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).